IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00144-KDB-DSC

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>WILKES COUNTY SCHOOLS<br>BOARD OF EDUCATION,<br><br>  Defendant. | <u>**ORDER**</u> |

  **THIS MATTER** is before the Court on Defendant Wilkes County Schools Board of Education's ("School Board") Motion to Dismiss (Doc. No. 6), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") filed January 19, 2023 (Doc. No. 11) and the School Board's Objection to the M&R (Doc. No. 12). The Court has carefully considered the motion and objection, the M&R, and the parties' briefs and other pleadings of record. As discussed below, the Court concludes after its *de novo* review that the recommendations in the M&R to grant the motion as to Plaintiff's claims under 42 U.S.C. §1983 but decline to dismiss Plaintiff's claims under Title IX, 20 U.S.C. §1681, are correct and in accordance with law. Therefore, the findings and conclusions of the Magistrate Judge will be affirmed and adopted and the motion will be resolved as recommended.

  **I. LEGAL STANDARD**

 A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate

1

judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd,* 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435,

2

Case 5:22-cv-00144-KDB-DSC   Document 14   Filed 02/03/23   Page 2 of 8

440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

According to the Complaint, Plaintiff was a fifteen-year-old male enrolled in tenth grade at Wilkes Central High School (the "school") during the 2020-2021 academic year. On April 22, 2021, he was assaulted by five students in a school locker room during a weight-lifting class being held in a different room. (Doc. No. 1, ¶¶ 20-21). The assault was recorded on video. (*Id.*). The video depicted Plaintiff being held down against his will as he frantically kicked and writhed. One student repeatedly attempted to forcibly shove the end of a broom handle into Plaintiff's rectum while he resisted. Other students either held him down or recorded the sexual assault on their cell phones. No teachers, coaches, or other adults were present in the video. The video was subsequently shared numerous times on social media. (*Id.* at ¶¶ 21-25).

Following the attack, an Assistant Principal at the school contacted Plaintiff's father via text message to inform him that his son had been involved (as a victim) in an "incident" at school. (*Id.* at ¶¶ 16-17). When Plaintiff's father arrived at the school, he was shown the video along with his son and school administrators, including the school's Principal. Upon viewing the

3

video, Dr. Stocks, the Principal, told the father that the boys were simply "horseplaying." (*Id*. at ¶¶ 19, 27-30). Plaintiff and his father were then taken into a room where Plaintiff was forced to confront his attackers. Plaintiff's father declined to confront the students without their parents being present. (*Id*. at ¶¶ 31-32).

After this meeting, and allegedly taking into account that the assailants were school athletes, the school took no further action, including failing to do anything to discourage the continued sharing of the video or disciplining the students who perpetrated the assault. (*Id*. at ¶¶ 39-40, 59-60). When the police were finally called, after repeated requests from the Plaintiff's father, they had a very different reaction to the so-called "horseplay" and charged all the students with criminal assault. (*Id*. at ¶¶ 41, 45).

Plaintiff did not complete school on the day of the attack and has not returned. He has become withdrawn and distant, and no longer shows interest in his normal activities. Further, Plaintiff and his father have relocated away from Wilkes County due to the consequences of the attack and harassment by one of the perpetrators. (*Id*. at ¶¶ 34-38).

Plaintiff filed this action in October 2022, through his father as his representative. In the Complaint, he alleges three causes of action against the School Board: (1) Civil Rights Violation under 42 U.S.C. § 1983 for Illegal and Unlawful Seizure; (2) Civil Rights Violation under 42 U.S.C. § 1983 for Violation of Plaintiff's Substantive Due Process Rights; and (3) Title IX Violation Pursuant to 20 U.S.C. § 1681. The School Board moved to dismiss all of Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6). (Doc. No. 6). The motion was initially assigned to Magistrate Judge Cayer. In the M&R, Judge Cayer recommends that the Court dismiss Plaintiff's Section 1983 claims but allow his Title IX claims

4

to proceed. Plaintiff does not object to these recommendations. The School Board objects as to the Title IX claim. The motion and objection are fully briefed and ripe for the Court's decision.

### III. DISCUSSION

As noted, Plaintiff has asserted claims against the School Board under both Section 1983 and Title IX. Following a thorough discussion, the M&R recommends that the Court grant the motion to dismiss the Section 1983 claims. *See* Doc. No. 11 at 4-6. Neither party objects to this recommendation. In the absence of an objection and finding not only the absence of clear error but that the conclusion is correct as a matter of law, the Court will accept the recommendation and dismiss the Section 1983 claims.

The Court will also accept the recommendation to deny the motion as to Plaintiff's Title IX claim. Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). In *Davis v. Monroe Cnty. Bd. of Educ.*, the Supreme Court found that Title IX's prohibition on sex-based discrimination encompasses student-on-student sexual harassment where the school "is deliberately indifferent to known acts of student-on-student harassment and the harasser is under the school's disciplinary authority." 526 U.S. 629, 646–47 (1999). The Court held that "funding recipients are properly liable in damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Id.* at 650.

To prove a Title IX claim on the basis of student-on-student sexual harassment, Plaintiff must show: (1) he was a student at an educational institution receiving federal funds; (2) he was subjected to harassment based upon his sex; (3) the harassment was so severe, pervasive, and objectively offensive that it created a hostile or abusive educational environment; and (4) the educational institution had actual knowledge of the harassment but was deliberately indifferent. *See Davis*, 526 U.S. at 650; *Rouse v. Duke Univ.*, 535 F. App'x 289, 293 n.\* (4th Cir. 2013) (per curiam) (unpublished); *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007) (en banc). A school acts with deliberate indifference where its "response to the [alleged] harassment or lack [of such response] is *clearly unreasonable* in light of the known circumstances." *Davis*, 526 U.S. at 648. (emphasis added).

The School Board asks the Court to rule as a matter of law that "[a]s alleged, Defendant's conduct appears nothing but completely reasonable given the circumstances." This request goes beyond wishful thinking, particularly in light of the applicable standard of review under Rule 12(b)(6). Accepting the allegations of the Complaint as true, together with all reasonable inferences, all the School Board did in response to a videotaped violent attempt by five male students to sodomize a fifteen year old boy with a broom handle at school was to inform the boy's father about an "incident," allow him to watch the video, and then "force" the boy and his father to meet with the perpetrators of the attack (which Plaintiff asserts only increased the harm). The School Board did not take *any* action to discourage the continued sharing of the video or even discipline the attackers. Therefore, while the truth of Plaintiff's allegations must of course be determined as the case proceeds, it is, at a minimum, "plausible" that the School Board's allegedly dismissive response will be found to have been "clearly unreasonable" and thus deliberately indifferent to the assault.

The School Board argues that its lack of control of its students' social media accounts insulates it from Title IX liability as to that portion of the Plaintiff's claims. However, the Court agrees with the Plaintiff that the reasonableness of the School Board's alleged lack of an effort to curtail the further distribution of the video of the assault (including any ruling on the legal limits of the School Board's ability to do so) must await the full development of the facts during discovery. Again, the Court's role at this early stage of the case is not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, the School Board's Motion to Dismiss under Rules 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, and 12(b)(3) for lack of venue can be easily addressed. There is no question that Plaintiff has raised a federal question against a Defendant who resides in this judicial district. Thus, the School Board's additional Rule 12 motions simply bootstrap on its already rejected claim that Plaintiff's claims under federal law are meritless. As discussed above, Plaintiff has a valid claim under Title IX. Accordingly, the School Board's Motion to Dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(3) will be denied.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The M&R is accepted, adopted and affirmed:

2. Defendant's Motion to Dismiss (Doc. No. 6) is **GRANTED** as to Plaintiff's claims under 42 U.S.C. §1983 but **DENIED** as to Plaintiff's claims under Title IX, 20 U.S.C. §1681; and

3. This case shall proceed towards trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 3, 2023

Kenneth D. Bell
United States District Judge